FANNY L. WATERS, Appellant, *v.* HORACE WATERS AND
COMPANY et al., Respondents.

**Corporations — when stockholder cannot maintain action to remedy
an alleged wrong to the corporation.**

An action cannot be maintained by a plaintiff in a representative capac-
ity, as a stockholder of a corporation, who asserts that a wrong has
been done to the corporation which it will not itself seek to remedy
because it is under the control of the wrongdoers, and that she is enti-
tled to prosecute remedial proceedings in its behalf, unless there is a
cause of action made out in favor of the corporation.

*Waters* v. *Waters & Co.*, 130 App. Div; 678, affirmed.

(Argued December 1, 1910; decided March 14, 1911.)

APPEAL from a judgment entered March 22, 1909, upon an
order of the Appellate Division of the Supreme Court in the
first judicial department reversing a judgment in favor of
plaintiff entered upon a decision of the court on trial at Special
Term and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Edward W. Hatch* for appellant.   The sale and issue of
the three shares of stock to Alexander Hamilton was illegal
and was a fraud upon the corporation and its stockholders.
(2 Clark & Marshall on Priv. Corp. § 408; 2 Purdy's Beach
on Priv. Corp. §§ 467b, 473; 1 Cook on Corp. [4th ed.] 286;
*Stokes* v. *Continental Trust Co.*, 186 N. Y. 285.)   Frauds,
*ultra vires* acts and acts of negligence are injuries to the cor-
poration and the corporation is naturally the party to bring
suit to rectify them, and that a corporation may bring suit to
remedy such wrongs is too thoroughly settled to need citation
of authorities.   It is equally well settled that the minority
stockholders of a corporation, the corporation itself being con-
trolled by the guilty party, have standing in court for the
purpose of taking up the cause of the corporation and in its
name and stead to bring the guilty parties to an account.

(2 Cook on Corp. [5th ed.] §§ 644–648 ; *Broom* v. *Nat. S. & L. Co.*, 152 N. Y. 114 ; *Hanna* v. *Lyon*, 179 N. Y. 107 ; *Greeves* v. *Gouge*, 69 N. Y. 154 ; *Leslie* v. *Lorillard*, 110 N. Y. 519 ; *Gamble* v. *Q. Co. W. Co.*, 123 N. Y. 91 ; *Sage* v. *Culver*, 147 N. Y. 241 ; *Flynn* v. *B. C. R. Co.*, 158 N. Y. 493.)

*David Leventritt* for respondents. The issue of the three shares to Hamilton was not *ultra vires*, but was legal and valid. (*Matter of U. Nat. B. Co.*, 154 N. Y. 268 ; *Moss* v. *Averill*, 10 N. Y. 449 ; *Commercial Bank* v. *Kortright*, 22 Wend. 347 ; *Jourdan* v. *L. I. R. R. Co.*, 115 N. Y. 380 ; *Mitchell* v. *Vermont C. M. Co.*, 67 N. Y. 280 ; *Kraft* v. *F. P., etc., Assn.*, 87 N. Y. 628 ; Morawetz on Corp. § 538 ; *Olcott* v. *T. R. R. Co.*, 27 N. Y. 546 ; *Lohman* v. *E. R. R. Co.*, 2 Sandf. 39 ; *Nelson* v. *Eaton*, 26 N. Y. 410 ; *Kent* v. *Q. M. Co.*, 78 N. Y. 159.) No action can be maintained by the plaintiff as a minority stockholder. (*Continental Ins. Co.* v. *N. Y. & H. R. R. Co.*, 187 N. Y. 225 ; *Burden* v. *Burden*, 159 N. Y. 287 ; *Leslie* v. *Lorillard*, 110 N. Y. 519 ; *Hart* v. *O., etc., R. R. Co.*, 89 Hun, 316 ; *MacNaughton* v. *Osgood Dredge Co.*, 41 Hun, 109 ; *Wallace* v. *L. I. R. R. Co.*, 12 Hun, 460 ; *Met. El. R. R. Co.* v. *Man. El. R. R. Co.*, 14 Abb. [N. C.] 109 ; *Urner* v. *Sollenberger*, 89 Md. 316 ; 7 Thomp. on Corp. § 8443 ; Cook on Corp. [5th ed.] §§ 683, 684.

*H. Aplington* for Solomon H. Kohn, respondent.

WILLARD BARTLETT, J. The many and complicated facts of this case are set out fully and with great particularity in the opinion of the Appellate Division. (*Waters* v. *Waters & Co.*, 130 App. Div. 678.) The statement occupies nearly six printed pages of the volume in which it is reported. It is not necessary to repeat or paraphrase that statement here. A brief account of the principal features of the action will suffice.

Horace Waters and Company was originally a copartnership transacting a mercantile and manufacturing business in the

city of New York. In 1886 the four copartners entered into a written agreement to form a corporation of the same name which should take over the partnership assets and continue the business. This agreement was carried into effect. The persons who signed it were Horace Waters (since deceased); William H. Alfring; Samuel T. White; and T. Leeds Waters; all of whom became incorporators of the corporation organized pursuant to its provisions. It provided among other things that the parties thereto should immediately on the receipt thereof "invest any dividends and any interest on undrawn dividends * * * in the purchase from the corporation of its capital stock for so long as and whenever it has any unissued, either of its original stock or of any increase thereof;" and that in all cases of the purchase of unissued stock of the corporation each of the parties thereto should be entitled during the lifetime of Horace Waters to purchase an equal share thereof and an equal share of any shares which any other party thereto might be entitled to take but should elect not to take; and that after the decease of Horace Waters each of the other parties and the executor, trustee and legatees of Horace Waters should be entitled to purchase all such shares of stock in the proportion of the number of shares then held by the several parties respectively.

The plaintiff was not a party to this agreement. She does not appear to have had any interest in the affairs of the corporation until after the death of Horace Waters in 1893, when she and her husband, the defendant T. Leeds Waters, became legatees under his will and she acquired 252 shares of the corporate stock.

This family corporation appears to have prospered in business and no trouble arose until 1905, when the plaintiff questioned the propriety of a previous issue of three shares of stock of which she had received no notice. There was a cashier named Alexander Hamilton in the employ of the corporation. He was also one of the three trustees. The company owed him $1,600. On February 12, 1900, the two other trustees, T. Leeds Waters and Samuel T. White, sold to

Mr. Hamilton three shares of the then unissued capital stock of the corporation at par without giving the other stockholders an opportunity to subscribe for or take the same or a proportional part thereof. Mr. Hamilton paid for the stock by deducting $300 from the amount due him from the corporation. The gravamen of the complaint was that the issue of this stock to Mr. Hamilton was violative of the agreement of 1886 and contrary to law and that it constituted a fraud upon the corporation and its stockholders. The trial court so held and rendered judgment directing the surrender and cancellation of the three certificates of stock thus issued. That judgment has been reversed upon the law and the facts by the Appellate Division, which deemed it useless under the circumstances to grant a new trial, and, therefore, directed a dismissal of the complaint.

The fundamental fact which justified this disposition of the case by the Appellate Division is that the action is sought to be maintained by the plaintiff simply and solely in a representative capacity. She does not come into court to obtain redress for the denial of a right personal to herself as a stockholder, but she asserts that a wrong has been done to the corporation, which it will not seek to remedy because it is still under the control of the wrongdoers, and, therefore, she is entitled to prosecute in its behalf the remedial proceedings which it ought itself to have instituted. The soundness of this position depends upon the question whether the issue of the Hamilton stock, without opportunity to the existing stockholders to take it, was *an injury to the corporation.* I do not see how it can be so regarded. The learned trial judge did not find fraud as a fact. This is frankly conceded by the distinguished counsel who represents the appellant; but he insists that the facts in this case justify a finding of constructive fraud and that this is sufficient. All that constructive fraud can mean, however, as applied to the issue of stock here attacked, is that the stock was issued in disregard of the rights of the other stockholders, just as was the case in *Stokes* v. *Continental Trust Co.* (186 N. Y. 285). Under

the law of this state as settled by that decision, the plaintiff, in the absence of any waiver or matter of estoppel, had a personal right of action growing out of the issue of the Hamilton stock, but it was a right of action *against* the corporation, not in its behalf. No conceivable injury could be sustained by the corporation by reason of the issue and sale of three shares of its capital stock at par, unless as matter of fact a larger price was obtainable therefor. There is no finding that this was less than its actual value. It is true that the complaint contained an allegation to that effect, but there does not appear to have been any attempt to establish it by proof. There is no finding that the issue of the Hamilton shares affected the control of the corporation in any manner injurious to its business interests or prosperity or was otherwise harmful *to the corporation* in any legal sense. There being no cause of action made out in favor of Horace Waters and Company, the corporation, I agree with the Appellate Division that there can be none in favor of the plaintiff in the representative capacity in which she sues. A plaintiff who asserts a derivative cause of action must establish the existence of a cause of action in the party whose rights are sought to be enforced. A cause of action cannot be derived from a source in which it does not exist.

For these reasons, in addition to the others set forth in the elaborate opinion of Mr. Justice CLARKE in the court below, I advise the affirmance of this judgment, with costs.

CULLEN, Ch. J., GRAY, HAIGHT, VANN and COLLIN, JJ., concur; HISCOCK, J., concurs in result.

Judgment affirmed.